CLD-279                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1418 and 10-1701
_____

DAWN MARIE BALL,
                                        Appellant

v.

COUNSELOR HARTMAN; DEPUTY SHEPLER; MR. DREBLER;
JEFFREY BEARD; MARIROSA LAMAS; LT. GRIDLEY; WENDY
NICHOLAS; MR. FRONTZ; JILL CICERO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-00844)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Under 28 U.S.C.
§ 1915(e)(2)(B) and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 2, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

(Filed: October 7, 2010 )
_____

OPINION
_____

PER CURIAM

Dawn Marie Ball appeals from an interlocutory decision of the District Court and its final order dismissing her complaint. We will affirm. See 3d Cir. L.A.R. 27.4 (2008); 3d Cir. I.O.P. 10.6.

## I.

Ball, a Pennsylvania prisoner proceeding pro se, filed suit under 42 U.S.C. § 1983 alleging the denial of her First Amendment right of access to the courts. In particular, she alleges that several prison employees refused to allow her to participate in a telephonic hearing in a paternity action pending in the Pennsylvania Court of Common Pleas of Northampton County, in which she seeks an order against her ex-husband for child support.

According to Ball, prison employees refused on the grounds that she is detained in the Restrictive Housing Unit ("RHU"), where she believes she will be kept until her release date of 2014. She further alleges that one of the defendants returned a call to a court official and informed her that Ball would not be able to participate in court hearings by telephone until her release from the RHU. She also appears to suggest that her suit was "dismissed" as a result, though she later submitted a letter from the Court of Common Pleas stating that her hearing merely had been canceled and would be rescheduled in the future. In addition to the prison employees who allegedly prevented her from calling the court, she named as defendants Jeffery Beard, Secretary of the

2

Pennsylvania Department of Corrections, and Jill Cicero, Associate Court Administrator for the Northampton County Court of Common Pleas.

Ball filed a motion for the appointment of counsel and a motion for a preliminary injunction. The District Court denied them by order entered January 11, 2010, in which it also granted Cicero's motion to dismiss the claims against her under Rule 12(b)(6).[1] Ball filed a notice of appeal from that order, initiating the appeal docketed at C.A. No. 10-1418. The District Court then granted the remaining defendants' Rule 12(b)(6) motion by order entered February 16, 2010. Ball's notice of appeal from that order is docketed at C.A. No. 10-1701. We consolidate the appeals for disposition.[2]

## II.

Our affirmance of each of the orders under review flows from a single dispositive issue of law. Ball claims that the defendants have deprived her of her First Amendment right of access to the courts. As a prisoner, however, Ball's right of access to the courts does not extend to the Northampton County child support action with which she claims

---

[1] The District Court later amended the order, by order entered January 20, 2010, to clarify that its reference to the motion filed by the remaining defendants was mistaken.

[2] We review the dismissal of a complaint under Rule 12(b)(6) de novo. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In doing so, we "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Id. at 233 (citation omitted). We review for abuse of discretion the District Court's ultimate denial of a motion for a preliminary injunction, see Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010), and its denial of a motion for the appointment of counsel, see Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

defendants have interfered. Instead, "prisoners may only proceed on access-to-court claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis v. Casey, 518 U.S. 343, 354-55 (1996)). "In other words, a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim." Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160 (9th Cir. 2003). Ball's child support action is not related to her criminal sentence or conditions of confinement. Nor, as the District Court noted, is it related to anything as fundamental as her parental rights. Cf. Santosky v. Kramer, 455 U.S. 745, 753 (1982) (recognizing Fourteenth Amendment liberty interest in parental rights). For those reasons, the District Court properly dismissed her complaint. For the same reasons, the District Court did not abuse its discretion in denying her motion for a preliminary injunction or appointment of counsel.[3]

---

[3]The District Court also correctly explained that Ball's claim against Beard fails for lack of his personal involvement and that her claim against Cicero fails because Cicero is protected by quasi-judicial immunity. The District Court further determined that, even if Ball's First Amendment rights were implicated by her child support action, she failed to establish any "actual injury" because the Court of Common Pleas merely notified her that her hearing will be rescheduled. In this regard, the District Court wrote that Ball "offers no evidence" of actual injury. The District Court appears to refer to the showing she made on her motion for a preliminary injunction. To the extent the District Court may erroneously have required "evidence" in the Rule 12(b)(6) context, its error was harmless because the complaint was subject to dismissal on the other grounds discussed above. For those same reasons, any amendment of Ball's complaint would have been futile. See Phillips, 515 F.3d at 245.

4

Accordingly, we will affirm the judgment of the District Court. Ball's motion for the appointment of counsel in this Court is denied.